**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO AGUIRRE,<br><br>           Petitioner - Appellant,<br><br>  v.<br><br>ELVIN VALENZUELA, Warden,<br><br>           Respondent - Appellee. | No. 12-56107<br><br>D.C. No. 2:10-cv-07126-JVS-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted March 2, 2015[**]
Pasadena, California

Before: GOULD and TALLMAN, Circuit Judges and KORMAN,[***] Senior District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Petitioner first contends that trial counsel was ineffective by not using peremptory strikes to remove jurors who gave answers biased against the defense during jury selection. We disagree. The California Court of Appeal reasonably concluded that Petitioner's trial counsel's decision not to use peremptory strikes against Jurors 4, 5, and 12 was not deficient attorney performance under *Strickland v. Washington*, 466 U.S. 668 (1984). These jurors generally indicated they understood their obligations to consider evidence and apply the law or were equivocal in other statements that are challenged, and each juror made statements that may have been considered by defense counsel to be favorable to the defense. It was not objectively unreasonable for the state appellate court to conclude that the record did not rebut the presumption under *Strickland* of competent representation by counsel.

Petitioner also contends that the California trial court violated his rights to due process by failing to exclude identification evidence from an impermissibly suggestive live police lineup. Again, we disagree. The California Court of Appeal was not objectively unreasonable in concluding that the live police lineup was not "unnecessarily suggestive" in light of the three other uncontested identifications and because the lineup contained others with height and facial features similar to Petitioner's. *See Simmons v. United States*, 390 U.S. 377, 384 (1968).

2

**AFFIRMED.**